26 CV 02879

JUDGE DANIELS

SDNY PRO SE OFFICE
RECEIVED
2026 APR -8 AM 11: 47

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

YONGHONG Wang, Plaintiff,

THE CITY OF NEW YORK, Defendant.

Jury demand

COMPLAINT (Civil Rights Action – 42 U.S.C. § 1983)

## I. INTRODUCTION

1. This is a civil rights action arising from the City of New York's systemic failure to document, investigate, and preserve records concerning violent assaults against political demonstrators occurring outside the Consulate General of the People's Republic of China in New York City.

2. On July 9, 2024, Plaintiff Wang Yonghong, a peaceful political demonstrator, was violently assaulted on a public sidewalk, struck his head on the ground, lost consciousness, and was transported by emergency medical services to a hospital.

3. Despite a 911 call, the presence of emergency responders, and the severity of Plaintiff's injuries, the New York City Police Department generated no incident report, complaint report, aided report, or dispatch record relating to the assault.

4. Plaintiff alleges that this failure was not an isolated mistake, but part of a pattern and practice by the City of New York of downgrading, suppressing, or failing to document violent incidents involving political demonstrations at this politically sensitive location.

5. This pattern has the effect of chilling protected political speech, denying demonstrators equal protection of the law, and depriving victims of meaningful access to legal remedies.

II.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Southern District of New York.

## III. PARTIES

8. Plaintiff Wang Yonghong is an individual residing in the State of New York.

9. Plaintiff is a political activist and participated in a peaceful, non-violent demonstration on July 9, 2024, on a public sidewalk in Manhattan.

10. Defendant City of New York is a municipal entity organized under the laws of the State of New York and is responsible for the policies, practices, supervision, and training of the New York City Police Department.

11. The New York City Police Department is a non-suable municipal agency; all actions and omissions of NYPD personnel alleged herein are attributable to the City of New York.

IV. FACTUAL ALLEGATIONS

A. The Protected Demonstration

12. On July 9, 2024, Plaintiff participated in a peaceful political demonstration on a public sidewalk outside the Consulate General of the People's Republic of China in New York City.

13. The demonstration involved expressive conduct and political speech protected by the First Amendment to the United States Constitution.

14. Plaintiff did not engage in violence, threats, or unlawful conduct.

B. The Assault and Serious Injury

15. During the demonstration, Plaintiff was physically attacked by security personnel associated with the consulate.

16. Plaintiff was forcefully pushed and struck, causing him to fall backward and strike his head on the ground.

17. Plaintiff lost consciousness at the scene.

18. Bystanders called 911.

19. Emergency medical personnel responded and transported Plaintiff to a hospital for emergency treatment.

20. Plaintiff was diagnosed with head injuries, including a suspected concussion.

C. NYPD Response and Absence of Records

21. NYPD officers responded to the scene or were present during the emergency response.

22. *Upon arriving at the scene, NYPD officers did not detain or arrest any of the individuals who had physically assaulted Plaintiff, despite the assault occurring in public view and resulting in Plaintiff's loss of consciousness and visible head bleeding.*

23. *Instead, officers physically moved Plaintiff—who was injured and disoriented—by dragging him away from the immediate area and positioning him at a street corner while awaiting the arrival of emergency medical services.*

24. *This conduct occurred while Plaintiff was visibly injured, had briefly lost consciousness, and required urgent medical attention.*

25. *The officers' actions reflect a pattern of treating the victim of political violence as a subject to be controlled, rather than as a victim to be protected.*

26. Despite the seriousness of the incident, the City of New York failed to generate or preserve an Incident Report, Complaint Report, Aided Report, or radio run or CAD dispatch record.

27. Plaintiff subsequently sought records through lawful requests and was informed that no responsive NYPD records exist.

28. The complete absence of records relating to a violent assault, loss of consciousness, and ambulance transport is highly irregular under ordinary NYPD practice.

## D. Pattern and Practice

25. Plaintiff is informed and believes, and therefore alleges, that similar failures to document violent assaults against demonstrators have occurred repeatedly at the same location.

26. These failures disproportionately affect individuals engaged in political expression critical of the Chinese government.

27. The City of New York has tolerated, acquiesced in, or failed to correct this pattern.

28. This pattern constitutes a municipal custom or practice within the meaning of Monell v. Department of Social Services, 436 U.S. 658 (1978).

## V. CLAIMS FOR RELIEF

COUNT I (42 U.S.C. § 1983 – First Amendment Retaliation / Chilling Effect)

29. Plaintiff realleges and incorporates paragraphs 1 through 28.

30. Plaintiff engaged in constitutionally protected political expression.

31. Defendant, through its policies, customs, or deliberate indifference, failed to provide normal law enforcement documentation and response.

32. This failure would deter a person of ordinary firmness from engaging in similar protected expression.

33. Defendant's conduct was a substantial factor in causing Plaintiff's injury and the chilling of his First Amendment rights.

COUNT II (42 U.S.C. § 1983 – Denial of Equal Protection)

34. Plaintiff realleges and incorporates paragraphs 1 through 28.

35. Plaintiff was treated differently from victims of comparable violent assaults occurring outside politically sensitive contexts.

36. Defendant lacked a rational, non-discriminatory justification for this differential treatment.

37. Defendant's conduct violated Plaintiff's right to equal protection under the Fourteenth Amendment.

COUNT III (Monell Liability – Policy, Practice, or Custom)

38. Plaintiff realleges and incorporates paragraphs 1 through 28.

39. Plaintiff's injuries were caused by Defendant's municipal policies, customs, or practices, including systemic failure to document politically sensitive assaults and deliberate indifference to constitutional rights.

40. Defendant is liable under Monell for the constitutional violations alleged herein.

VI. DAMAGES

41. Plaintiff suffered physical injury, medical expenses, emotional distress, and deprivation of constitutional rights.

42. Plaintiff seeks compensatory damages in an amount to be determined at trial.

43. Plaintiff seeks reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant's conduct violated Plaintiff's constitutional rights; B. Award compensatory damages; C. Award attorneys' fees and costs; D. Grant such other and further relief as the Court deems just and proper.

VIII.    JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: 04/08/2026, 2026 New York, New York


Respectfully submitted,

Wang Yonghong Plaintiff, Pro Se [Address] [Phone] [Email]

*Yonghong Wang*